IN THE CIRCUIT COURT OF THE 13TH JUDICIAL
CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.   20-CA-006864

JONATHAN WIGGINS,

    Plaintiff,

vs.

DOLLAR GENERAL CORPORATION,
and DOLGENCORP, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Jonathan Wiggins, and by and through undersigned counsel, sues Defendants, Dollar General Corporation, and Dolgencorp, LLC, and alleges as follows:

### General Allegations

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00) exclusive of attorney's fees, interest and costs and therefore, within the jurisdiction of this Court.

2. That at all times material hereto Plaintiff, Jonathan Wiggins, was and is a resident of Hillsborough County, Florida and is otherwise sui juris.

3. That at all times Defendant, Dollar General Corporation, was and is a corporation doing business in Hillsborough County, Florida and throughout the State of Florida and is otherwise sui juris.

4. That at all times Defendant, Dolgencorp, LLC, was and is a corporation doing business in Hillsborough County, Florida and throughout the State of Florida and is otherwise sui juris.

5. The accident, which is the subject matter of this lawsuit, arose in Ruskin, Hillsborough County, Florida. Therefore, venue remains in Hillsborough County, Florida.

### COUNT I - NEGLIGENCE AGAINST DOLLAR GENERAL CORPORATION

6. Plaintiff, Jonathan Wiggins, adopts and realleges all of the allegations in paragraphs 1 through 5 as though fully set forth herein.

7. That on or about March 29, 2017, Defendant, Dollar General Corporation, was in possession of, managed, maintained and/or controlled a property located at or near 503 N U.S. Hwy 41, Ruskin, FL 33570, Hillsborough County, Florida.

8. That at said time and place, Plaintiff, Jonathan Wiggins, was on said property as a customer, and therefore, was otherwise lawfully on the property.

9. That at said time and place, Plaintiff, Jonathan Wiggins, slipped and fell on a wet and slippery substance on the floor.

10. That at all times material, Defendant, Dollar General Corporation, owed Plaintiff the duty to use reasonable care.

11. Defendant, Dollar General Corporation, breached its duties to Plaintiff in one or more of the following respects, including but not limited to:

   a. Failing to exercise reasonable care in maintaining the floor;

   b. Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as a slippery substance did not exist on the floor;

   c. Failing to warn Plaintiff that the floor was unreasonably slippery;

   d. Failing to remove all foreign substances from the floor;

   e. Failing to periodically and properly check the floor so as to clean and remove the foreign substance;

12. Defendant, Dollar General Corporation, had actual knowledge of the dangerous condition; or if Defendant, Dollar General Corporation, lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendant, Dollar General Corporation, should have known of the condition should have known of it; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

13. That this condition was not readily apparent to someone who could get injured, such as Plaintiff, Jonathan Wiggins.

14. At all times material, Defendant, Dollar General Corporation, had exclusive custody and control of the area where Plaintiff, Jonathan Wiggins, was injured.

15. As a result of Defendant, Dollar General Corporation's negligence, Plaintiff, Jonathan Wiggins, was injured in and about his body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of his injuries, suffered physical handicap, and his working ability was impaired; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Jonathan Wiggins, demands judgment for damages against Defendant, Dollar General Corporation, in excess of the jurisdictional limits; compensatory damages; any and all taxable costs; and such other relief as this Court deems just and proper.

### COUNT II - NEGLIGENCE AGAINST DOLGENCORP, LLC

16. Plaintiff, Jonathan Wiggins, adopts and realleges all of the allegations in paragraphs 1 through 5 as though fully set forth herein.

17. That on or about March 29, 2017, Defendant, Dolgencorp, LLC, was in possession of, managed, maintained and/or controlled a property located at or near 503 N U.S. Hwy 41, Ruskin, FL 33570, Hillsborough County, Florida.

18. That at said time and place, Plaintiff, Jonathan Wiggins, was on said property as a customer, and therefore, was otherwise lawfully on the property.

19. That at said time and place, Plaintiff, Jonathan Wiggins, slipped and fell on a wet and slippery substance on the floor.

20. That at all times material, Defendant, Dolgencorp, LLC, owed Plaintiff the duty to use reasonable care.

21. Defendant, Dolgencorp, LLC, breached its duties to Plaintiff in one or more of the following respects, including but not limited to:

    a. Failing to exercise reasonable care in maintaining the floor;

    b. Failing to adequately conduct inspections to ensure that a dangerous, hazardous and unsafe condition such as a slippery substance did not exist on the floor;

    c. Failing to warn Plaintiff that the floor was unreasonably slippery;

    d. Failing to remove all foreign substances from the floor;

    e. Failing to periodically and properly check the floor so as to clean and remove the foreign substance;

22. Defendant, Dolgencorp, LLC, had actual knowledge of the dangerous condition; or if Defendant, Dolgencorp, LLC, lacked such actual knowledge, this dangerous condition existed for such a length of time that, in the exercise of ordinary care, Defendant, Dolgencorp, LLC, should have known of the condition should have known of it; or in the alternative, the condition occurred with regularity and was therefore foreseeable.

23. That this condition was not readily apparent to someone who could get injured, such as Plaintiff, Jonathan Wiggins.

24. At all times material, Defendant, Dolgencorp, LLC, had exclusive custody and control of the area where Plaintiff, Jonathan Wiggins, was injured.

25. As a result of Defendant, Dolgencorp, LLC,'s negligence, Plaintiff, Jonathan Wiggins, was injured in and about his body and extremities, suffered pain therefrom, incurred medical expenses in the treatment of his injuries, suffered physical handicap, and his working ability was impaired; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Jonathan Wiggins, demands judgment for damages against Defendant, Dolgencorp, LLC, in excess of the jurisdictional limits; compensatory damages; any and all taxable costs; and such other relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Florida Rules of Civil Procedure 1.430, Plaintiff demands a jury trial for all issues so triable.

Signed on August 27, 2020.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive
Suite 103
Weston, Florida 33331
Telephone:   (954) 659-1605 x222
Facsimile:    (954) 659-1380

By: /s/ Gabriel A. Baca
GABRIEL A. BACA, ESQUIRE
Florida Bar No. 1017732
JASON TURCHIN, ESQUIRE
Florida Bar No. 585300